UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANTHONY BUSH,

                          Plaintiff,

            -against-

NEW YORK CITY, et al.,

                          Defendants.

23-CV-5386 (LTS)

ORDER TO AMEND

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is a currently incarcerated at the Anna M. Kross Center ("AMKC") on

Rikers Island, brings this *pro se* action, alleging that Defendants violated his rights. The Court

construes the complaint as asserting constitutional claims under 42 U.S.C. § 1983, as well as

claims under state law. By order dated June 28, 2023, the Court granted Plaintiff's request to

proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees.[1] For the reasons set forth

below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of

this order.

## STANDARD OF REVIEW

        The Prison Litigation Reform Act requires that federal courts screen complaints brought

by prisoners who seek relief against a governmental entity or an officer or employee of a

governmental entity. *See* 28 U.S.C. § 1915A(a). The Court must dismiss a complaint, or portion

thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or

seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C.

§§ 1915(e)(2)(B), 1915A(b); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). The Court

---

[1] Prisoners are not exempt from paying the full filing fee even when they have been
granted permission to proceed IFP. *See* 28 U.S.C. § 1915(b)(1).

must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555). The Court need not accept, however, "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id*. at 678 (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

Plaintiff, who alleges that he is a convicted and sentenced prisoner, brings this action against the City of New York and the New York City Department of Correction ("DOC"). (*See* ECF 1, at 2.) He alleges that DOC employees are subjecting Andre Antrobus and other prisoners

who assist him to unconstitutional violations, including "withholding mail" and "blocking their

defense."[2] Specifically, he asserts the following:

> I Anthony Bush was told for several, numerous months by several multiple
> inmates and employees that 90% of D.O.C. employees are retaliating against
> Andre Antrobus from 1999 to 2023 and people who help him as in: Pena Sanchez,
> Mr. Posely, Brian Palmer, Allen Watkins, Troy Sneed, Ty Cooper, etc. for years
> under the DA orders withholding mail opening mail, taking evidence refile to
> serious injury of assault by sending hits by inmates and employees blocking their
> defenses.; 6-10-2023 overheard the mail officer said they changed the rules and
> the laws & D.O.C. policy to keep up with Mr. Antrobus.; For the time Ive been
> here Ive heard stories of mail blocking taking evidence and assaults against Mr.
> Antrobus and who ever helps him.

(*Id*. at 4.)[3] Plaintiff claims that he is now being subjected to similar unconstitutional conduct. He

alleges that correction staff have been "blocking [his] mail and returning it on several occasions,

denying [his] pe[ti]tions for liberty and freedom on these false charges," and subjecting him to

"several unreasonable seizure of favorable exonerating evidence for liberty and freedom." (*Id*. at

---

[2] The Court quotes from the complaint verbatim. All grammar, punctuation, and spelling are in the original unless otherwise indicated.

[3] In the past year, several detainees, including some of the ones Plaintiff names, have filed complaints in which they refer to Andre Antrobus, a fellow detainee who is also a frequent litigant in this court. *See Mattias v. New York City*, No. 23-CV-4990 (LTS) (S.D.N.Y. filed June 9, 2023); *Watkins v. New York City*, No. 23-CV-4890 (LTS) (S.D.N.Y. filed June 9, 2023); *Cooper v. Dep't of Corr. NYC*, No. 23-CV-4885 (LTS) (S.D.N.Y. filed June 9, 2023); *Pena-Sanchez v. New York City*, No. 22-CV-4942 (LTS) (S.D.N.Y. filed June 10, 2022); *Palmer v. City of New York*, No. 22-CV-5333 (LTS) (S.D.N.Y. Nov. 4, 2022); *Posley v. New York City*, No. 22-CV-5819 (LTS) (S.D.N.Y. Aug. 9, 2022). Antrobus is barred under the "three-strikes" provision of the PLRA, 28 U.S.C. § 1915(g), from filing federal civil actions IFP as a prisoner unless he is under imminent danger of serious physical injury. *See Antrobus v. Wright*, ECF 1:13-CV-3804, 6 (S.D.N.Y. Oct. 22, 2013); *see also Antrobus v. Annucci*, ECF 1:21-CV-1161, 9 (S.D.N.Y. May 25, 2021) (denying Antrobus' request to proceed IFP and dismissing without prejudice the complaint under Section 1915(g)).

Appended to Plaintiff's complaint are copies of Antrobus' legal documents, including an affidavit in support of Antrobus' Article 78 motion captioned for the New York State Supreme Court, Bronx County, and several forms captioned for the United States Courts of Appeal for the Second Circuit. (ECF 1, at 11-28.) Plaintiff does not refer to these documents in the complaint or explain why he attached them.

4-5.) Plaintiff also claims that he has been threatened, and that, two months ago, he "was cut and punched by inmates by orders of the D.O.C." in a bathroom. (*Id.* at 4.) He further asserts

> I don't want too be hit as Kalief Browder and Andre Antrobus ex: gang, assault, stabbing, cuttings, burns and etc. by the order of D.O.C. which they threaten me every day after they block my mail and take my evidence Like Mr. Sanchez, Mr. Cooper, Mr. Posley, Mr. Sneed, etc.; Ig agents 3 months ago came into 9 Mod and questioned people. And looked at Mr. Antrobus evidence and said 13 months it's a dure process violation.

(*Id.* at 5.)

Plaintiff seeks money damages.

## DISCUSSION

**A.  Plaintiff cannot bring claims on behalf of Andre Antrobus**

The statutory provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to him." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998).

Plaintiff has not alleged any facts suggesting that he is an attorney. Therefore, he cannot assert any claims on behalf of Antrobus, and the Court dismisses any claims Plaintiff asserts on behalf of that individual.[4]

---

[4] To the extent Antrobus may wish to file the legal documents that are appended to the complaint, he should submit them directly to the relevant courts, which appear to be the Bronx County Supreme Court and the Second Circuit.

**B.     Plaintiff does not allege viable claims on his own behalf**

    **1.     Interference with mail claims**

The Court liberally construes Plaintiff's claims that Defendants interfered with his mail as arising under the First Amendment. A prisoner's First Amendment rights encompass the right to "adequate, effective and meaningful" access to the courts and to the free flow of incoming and outgoing mail. *Bounds v. Smith*, 430 U.S. 817, 822 (1977); *Davis v. Goord*, 320 F.3d 346, 351 (2d Cir. 2003). "[C]ourts have consistently afforded greater protection to legal mail than to non-legal mail, as well as greater protection to outgoing mail than to incoming mail." *Davis*, 320 F.3d at 351 (citing *Thornburgh v. Abbott*, 490 U.S. 401, 413 (1989)).

Plaintiff's allegations concerning his legal mail implicate both an access-to-courts claim and a general mail tampering claim.

    **a.     Access-to-courts claim**

Prisoners have "a constitutional right of access to the courts [that] gives rise to a number of derivative rights, including the right to access legal materials to prepare a case, and the right of indigent inmates to be provided with paper and pens to draft legal documents and stamps to mail them." *Collins v. Goord*, 581 F. Supp. 2d 563, 573 (S.D.N.Y. 2008) (citing *Bounds*, 420 U.S. at 824-28). Protecting these rights "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bourdon v. Loughren,* 386 F.3d 88, 92–93 (2d Cir. 2004) (quoting *Bounds,* 420 U.S. at 821, 828). Assistance from prison authorities, however, is "only the means for ensuring a reasonably adequate opportunity to present claimed violations of fundamental constitutional rights to the courts." *Lewis v. Casey,* 518 U.S. 343, 351 (1996) (internal quotation marks omitted).

To state a claim for denial of access to the courts, a plaintiff must allege facts showing that the defendant's conduct: (1) "was deliberate and malicious," and (2) "resulted in actual injury to the plaintiff such as the dismissal of an otherwise meritorious legal claim." *Davis*, 320 F.3d at 351 (internal quotation marks omitted); *see also Christopher Harbury*, 536 U.S. 403, 415 (2002). To demonstrate actual injury, a plaintiff must allege: (1) a valid underlying cause of action separate from the right-of-access claim; and (2) frustration or hindrance of the litigation caused by the defendant's actions. *See Harbury*, 546 U.S. at 415. A mere "delay in being able to work on one's legal action or communicate with the courts does not rise to the level of a constitutional violation." *Jermosen v. Coughlin*, 877 F. Supp. 864, 871 (S.D.N.Y. 1995) (citing *Jones v. Smith*, 784 F.2d 149, 151- 52 (2d Cir. 1986)). Furthermore, when a prisoner with appointed counsel claims that prison officials hindered his efforts to defend himself or pursue other legal claims, "he must show that, on the facts of his case, the provision of counsel did not furnish him with the capability of bringing his challenges before the courts." *Bourdon*, 386 F.3d at 98.

Here, Plaintiff, who is a convicted and sentenced prisoner, claims that DOC employees blocked and returned his mail on several occasions, "denying [his] pe[ti]tions for liberty and freedom on [] false charges," and "unreasonabl[y] seiz[ed] [] favorable exonerating evidence for [his] liberty and freedom." (ECF 1, at 4-5.) He may be implying that his criminal case and efforts to appeal his conviction were hindered as a result of the alleged interference. Plaintiff does not, however, allege any facts suggesting that he is pursuing a "nonfrivolous, 'arguable' underlying claim," which has been hampered as a result of delays or withholding of his mail. *Harbury*, 546 U.S. at 415. Furthermore, Plaintiff does not allege whether he is represented by counsel in his criminal proceedings or any post-conviction matter, and if so, why his counsel would be unable

to assert the claims on his behalf. *See Bourdon*, 386 F.3d at 98. Because Plaintiff does not allege the existence of a valid nonfrivolous underlying cause of action, and he does not explain why his defense attorney could not press his argument for exoneration in his criminal case or post-conviction proceedings, he fails to state an access-to-the-courts claim under the First Amendment.

The Court grants Plaintiff leave to file an amended complaint naming as defendants the individual DOC officers whom he alleges violated his rights and alleging additional facts to state a Section 1983 access-to-the-court claim.

### b.  Mail tampering claim

To state a claim based on general mail tampering, a plaintiff must allege that the incidents: (1) suggest an ongoing practice of censorship unjustified by a substantial government interest, or (2) have unjustifiably chilled the prisoner's right of access to the court or impaired his legal representation. *Davis*, 320 F.3d at 351. "[A]n isolated incident of mail tampering is usually insufficient to establish a constitutional violation." *Id.* at 351-52. As few as two incidents of mail tampering, however, may constitute a First Amendment violation if indicative of "regular" and "unjustifiable" interference with a prisoner's mail. *Id.* at 351; *see Washington v. James*, 782 F.2d 1134, 1139 (2d Cir. 1986).

Plaintiff does not allege enough facts to suggest that unidentified correction officers interfered or tampered with his mail in a manner that rises to the level of a constitutional violation. He asserts that, on several occasions, his mail was held and returned, but he does not state who was involved and how often this happened. Nor does Plaintiff detail facts suggesting that the alleged delays were the result of unjustified government censorship or tampering. Plaintiff's allegations do not suggest that DOC employees subjected him to regular and unjustifiable interference with his mail or that such interference affected his ability to access the

courts. Moreover, Plaintiff does not name as defendants the individual DOC officers whom he alleges interfered with his mail.

The Court grants Plaintiff leave to file an amended complaint naming as defendants the individual DOC officers whom he alleges violated his rights and alleging additional facts sufficient to state a Section 1983 access to the court or mail tampering claim. For an access-to-the-court claim, Plaintiff must allege facts suggesting that he was hindered from pursuing an arguably meritorious legal claim for which he is not represented by counsel. In support of a mail tampering claim, he must allege facts indicating that named defendants subjected him to regular and unjustifiable interference with his mail. Plaintiff must specifically say how many times his mail was held and then returned and provide all the dates when this happened.

### 2.    Property claim

A claim for deprivation of property is not recognized in federal court if the relevant state court provides a remedy for the deprivation of that property. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Marino v. Ameruso*, 837 F.2d 45, 47 (2d Cir. 1988) (citations omitted). "[T]he availability of an action in the Court of Claims provides [an] adequate post-deprivation remedy for prisoners who claim deprivation of personal property by prison officials." *Jones v. Harris*, 665 F. Supp. 2d 384, 401 (S.D.N.Y. 2009) (describing procedure available to state prisoners). Thus, "even the intentional destruction of an inmate's property by a prison officer does not violate the Due Process Clause if the state provides that inmate with an adequate post-deprivation remedy." *Little v. Mun. Corp.*, 51 F. Supp. 3d 473, 499 (S.D.N.Y. 2014) (identifying that New York state law provides pretrial detainees with an adequate post-deprivation remedy, that is, Section 9 of the Court of Claims Act).

Plaintiff alleges that unspecified persons seized his legal papers and took his evidence. To the extent he seeks damages for the loss of property, he fails to allege facts demonstrating that

his available state remedies are in any way inadequate. *See Butler v. Castro*, 896 F.2d 698, 700-04 (2d Cir. 1990). Plaintiff's claim concerning the loss of his property is therefore dismissed for failure to state a claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

### 3.      Excessive force claim

The Court construes Plaintiff's allegation that "he was cut and punched by inmates by order of the D.O.C." as asserting an excessive force claim, namely that one or more representatives of the Department of Correction used excessive force on him by having him attacked by other inmates. (ECF 1, at 4.) Because Plaintiff is a convicted prisoner, his claim arise under the Eighth Amendment of the United States Constitution. *See Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015). The Eighth Amendment prohibits the imposition of "cruel and unusual punishments," U.S. Const. Amend. VIII, and bars the "unnecessary and wanton infliction of pain," *Phelps v. Kapnolas*, 308 F.3d 180, 185 (2d Cir. 2002) (internal quotation marks and citation omitted).

To state an excessive force claim under the Eighth Amendment, a plaintiff must allege facts that satisfy two elements. *See Hudson v. McMillian*, 503 U.S. 1, 8-10 (1992). First, a plaintiff must allege that the use of force was "objectively, sufficiently serious." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994) (internal quotation marks and citations omitted); *Boddie v. Schnieder*, 105 F.3d 857, 862 (2d Cir. 1997) ("Not every push or shove . . . violates a prisoner's constitutional right.") (internal quotation marks and citation omitted). Generally, the force used must be a "deliberate use of force" that is both "excessive and unjustified." *Whitley v. Albers*, 475 U.S. 312, 327 (1986).

Second, a plaintiff must plead facts suggesting that the DOC representative who used force acted "maliciously and sadistically" to cause the "unnecessary and wanton infliction of pain." *Hudson*, 503 U.S. at 7-8. Generally, "the test for wantonness 'is whether the force was

used in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm.'" *Harris v. Miller*, 818 F.3d at 63 (quoting *Scott v. Coughlin*, 344 F.3d 282, 291 (2d Cir. 2003)).

Because Plaintiff does not allege enough facts to suggest that the two elements are satisfied, he does not state an excessive force claim under the Eighth Amendment. For the first element, Plaintiff's assertion that he was cut and punched may be sufficient to suggest that he was subjected to the deliberate use of force that was unjustified. As to the second element, however, he does not plead facts suggesting that a correction officer or other DOC representative acted "maliciously and sadistically" to cause him "unnecessary and wanton infliction of pain." *Hudson*, 503 U.S. at 7-8. Plaintiff does not describe what happened, who assaulted him, or the basis of his belief that he was assaulted at the direction of the DOC.

The Court therefore grants Plaintiff leave to amend the complaint to allege facts suggesting that correction officials unlawfully used excessive force against him. Plaintiff must describe the circumstances of the assault and explain his belief that he was attacked at the direction of correction officials. He must also name as defendants the correction officers who were responsible for the assault.

**4.      Retaliation claim**

Throughout the complaint, Plaintiff suggests that correction officials at AMKC are violating his and other prisoners' rights in retaliation for providing unspecified assistance to Andre Antrobus. His assertions could be read as an attempt to assert a First Amendment retaliation claim. To state such a claim, a prisoner must allege "(1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the [prisoner], and (3) that there was a causal connection between the protected conduct and the adverse action." *Holland v. Goord*, 758 F.3d 215, 225 (2d Cir. 2014) (citation and alteration omitted). An adverse action is

10

any "retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." *Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003) (quotation marks omitted). "In order to satisfy the causation requirement, allegations must be sufficient to support the inference that the speech played a substantial part in the adverse action." *Davis,* 320 F.3d at 354. For example, "[a] plaintiff can establish a causal connection that suggests retaliation by showing that protected activity was close in time to the adverse action." *Espinal v. Goord,* 558 F.3d 119, 129 (2d Cir. 2009); *see also Mateo v. Fischer,* 682 F. Supp. 2d 423, 435 (S.D.N.Y. 2010) (endorsing incorporation of circumstantial evidence of causation "where the adverse action occurs soon after the protected activity," and holding that, where a false misbehavior report was filed one day after he filed a grievance, causation requirement was met) (citation omitted).

Nevertheless, "because virtually any adverse action taken against a prisoner by a prison official—even those otherwise not rising to the level of a constitutional violation—can be characterized as a constitutionally proscribed retaliatory act," the Second Circuit has instructed that district courts must "approach prisoner retaliation claims with skepticism and particular care." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quotation marks omitted); *see also Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996) ("Retaliation claims by prisoners are prone to abuse since prisoners can claim retaliation for every decision they dislike." (quotation marks omitted)). Accordingly, First Amendment retaliation claims must be "supported by specific and detailed factual allegations" and may not be stated "in wholly conclusory terms." *Dolan*, 794 F.3d at 295 (citation omitted).

Here, Plaintiff does not provide sufficient facts to suggest a viable claim for retaliation. He does not allege that, in assisting Antrobus, he engaged in any protected activity under the

First Amendment for which correction staff took adverse action against him. Nor does Plaintiff allege facts sufficient to suggest a causal connection between the unspecified conduct and the alleged actions taken against him. *See Espinal,* 558 F.3d at 129. Plaintiff thus fails to state a First Amendment retaliation claim upon which relief can be granted.

The Court grants Plaintiff leave to allege facts in an amended complaint sufficient to state a claim of retaliation under Section 1983. Specifically, he must allege facts showing that he engaged in protected conduct under the First Amendment and a causal connection between his protected activity and any adverse action. In the amended complaint, Plaintiff should provide additional facts explaining the alleged assistance he provided to Antrobus, including the dates of the conduct, and how his assisting Antrobus led to the alleged violations of his rights.

**C.    Plaintiff cannot proceed against the DOC and has not stated a claim upon which relief may be granted against the City of New York**

**1.    Claims against the New York City Department of Correction**

Plaintiff's claims against the DOC must be dismissed because an agency of the City of New York is not an entity that can be sued. N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *see also Emerson v. City of New York*, 740 F. Supp. 2d 385, 396 (S.D.N.Y. 2010) ("[A] plaintiff is generally prohibited from suing a municipal agency."). The Court therefore dismisses Plaintiff's claims against DOC. *See* N.Y. City Charter ch. 17, § 396. Plaintiff's claims against DOC will be considered as brought against the City of New York, which he names as a defendant.

2.      **Claims against the City of New York**

When a plaintiff sues a municipality under Section 1983, it is not enough for the plaintiff

to allege that one of the municipality's employees or agents engaged in some wrongdoing. The

plaintiff must show that the municipality itself caused the violation of the plaintiff's rights. *See*

*Connick v. Thompson,* 563 U.S. 51, 60 (2011) ("A municipality or other local government may

be liable under this section [1983] if the governmental body itself 'subjects' a person to a

deprivation of rights or 'causes' a person 'to be subjected' to such deprivation.") (quoting *Monell*

*v. Dep't of Soc. Servs. of City of New York,* 436 U.S. 658, 692 (1978)); *Cash v. Cnty. of Erie,* 654

F.3d 324, 333 (2d Cir. 2011). In other words, to state a Section 1983 claim against a

municipality, the plaintiff must allege facts showing (1) the existence of a municipal policy,

custom, or practice, and (2) that the policy, custom, or practice caused the violation of the

plaintiff's constitutional rights. *See Jones v. Town of East Haven*, 691 F.3d 72, 80 (2d Cir. 2012);

*Bd. of Cnty. Comm'rs of Bryan Cnty. v. Brown,* 520 U.S. 397, 403 (1997) (internal citations

omitted).

Here, Plaintiff alleges no facts suggesting that the City of New York has a policy,

practice, or custom that has caused a violation of his federal constitutional rights. The Court,

however, grants Plaintiff leave to plead in the amended complaint a municipal liability claim

against the City of New York.

**LEAVE TO AMEND**

Plaintiff proceeds in this matter without the benefit of an attorney. District courts

generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its

defects, unless amendment would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir.

2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Indeed, the Second Circuit has

cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to

amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). Because Plaintiff may be able to allege additional facts to state a valid Section 1983 claim, the Court grants Plaintiff 60 days' leave to amend his complaint to detail his claims.

Plaintiff is granted leave to amend his complaint to provide more facts about his access-to-court, mail tampering, excessive force, and retaliation claims, and to allege additional facts suggesting that the City of New York has a policy, practice, or custom that resulted in a violation of his rights. Plaintiff must name as defendant(s) in the caption[5] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[6] The naming of John Doe defendants, however, does *not* toll the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure.

---

[5] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the amended complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[6] For example, a defendant may be identified as: "Correction Officer John Doe #1 on duty August 31, 2022, at AMKC, during the 7-3 p.m. shift."

In the "Statement of Claim" section of the amended complaint form, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant. If Plaintiff has an address for any named defendant, Plaintiff must provide it. Plaintiff should include in the amended complaint all of the information that Plaintiff wants the Court to consider in deciding whether the amended complaint states a claim for relief. That information should include:

a)   the names and titles of all relevant people;

b)   a description of all relevant events, including what each defendant did or failed to do, the approximate date and time of each event, and the general location where each event occurred;

c)   a description of the injuries Plaintiff suffered; and

d)   the relief Plaintiff seeks, such as money damages, injunctive relief, or declaratory relief.

Essentially, Plaintiff's amended complaint should tell the Court: who violated his federally protected rights and how; when and where such violations occurred; and why Plaintiff is entitled to relief.

Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wants to include from the original complaint must be repeated in the amended complaint.

**D.      New York Legal Assistance Group**

Plaintiff may consult the legal clinic in this District that assists people who are parties in civil cases and do not have lawyers. The Clinic is run by a private organization called the New York Legal Assistance Group ("NYLAG"); it is not part of, or run by, the court (and, among other things, therefore cannot accept filings on behalf of the court, which must still be made by any *pro se* party through the Pro Se Intake Unit).

To receive limited-scope assistance from the Clinic, Plaintiff may mail a signed retainer and intake form to the NYLAG Pro Se Clinic at 40 Foley Square, LL22, NY, NY 10007. Once the paperwork is received, the Clinic will coordinate contact with the litigant. Once the paperwork is received, it may take up to two weeks for the Clinic to contact the litigant. Copies of the Clinic's flyer, retainer, and intake form are attached to this order.

## CONCLUSION

The Court dismisses Plaintiff's claims against the New York City Department of Correction. *See* N.Y. City Charter ch. 17, § 396.

The Court grants Plaintiff leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within 60 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 23-CV-5386 (LTS). An Amended Civil Rights Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and he cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

Copies of the NYLAG Clinic's flyer, retainer, and intake form are attached to this order.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   July 27, 2023
         New York, New York

                                        /s/ Laura Taylor Swain
                                        LAURA TAYLOR SWAIN
                                        Chief United States District Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

Write the full name of each defendant. If you cannot fit the names of all of the defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section IV.

_____CV_____

(Include case number if one has been assigned)

**AMENDED**

**COMPLAINT**

(Prisoner)

Do you want a jury trial?
☐ Yes    ☐ No

---

### NOTICE

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

## I.     LEGAL BASIS FOR CLAIM

State below the federal legal basis for your claim, if known. This form is designed primarily for prisoners challenging the constitutionality of their conditions of confinement; those claims are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "*Bivens*" action (against federal defendants).

☐  Violation of my federal constitutional rights

☐  Other: _____

## II.     PLAINTIFF INFORMATION

Each plaintiff must provide the following information. Attach additional pages if necessary.

_____

First Name                     Middle Initial              Last Name

_____

State any other names (or different forms of your name) you have ever used, including any name you have used in previously filing a lawsuit.

_____

Prisoner ID # (if you have previously been in another agency's custody, please specify each agency and the ID number (such as your DIN or NYSID) under which you were held)

_____

Current Place of Detention

_____

Institutional Address

_____

County, City                              State                    Zip Code

## III.     PRISONER STATUS

Indicate below whether you are a prisoner or other confined person:

☐  Pretrial detainee
☐  Civilly committed detainee
☐  Immigration detainee
☐  Convicted and sentenced prisoner
☐  Other: _____

## IV.    DEFENDANT INFORMATION

To the best of your ability, provide the following information for each defendant. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are identical to those listed in the caption. Attach additional pages as necessary.

Defendant 1:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 2:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 3:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

Defendant 4:

| First Name | Last Name | Shield # |
|---|---|---|

Current Job Title (or other identifying information)

Current Work Address

| County, City | State | Zip Code |
|---|---|---|

## V.     STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and how each defendant was personally involved in the alleged wrongful actions. Attach additional pages as necessary.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## VI.    RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

_____

_____

## VII.   PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I understand that if I file three or more cases while I am a prisoner that are dismissed as frivolous, malicious, or for failure to state a claim, I may be denied *in forma pauperis* status in future cases.

I also understand that prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions, 42 U.S.C. § 1997e(a), and that my case may be dismissed if I have not exhausted administrative remedies as required.

I agree to provide the Clerk's Office with any changes to my address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
|---|---|

| First Name | Middle Initial | Last Name |
|---|---|---|

Prison Address

| County, City | State | Zip Code |
|---|---|---|

Date on which I am delivering this complaint to prison authorities for mailing: _____



Since 1990, NYLAG has provided free civil legal services to New Yorkers who cannot afford private attorneys.

# Free Legal Assistance for Self-Represented Incarcerated Civil Litigants in Federal District Court

The NYLAG Legal Clinic for Pro Se Litigants in the Southern District of New York is a free legal clinic staffed by attorneys, law students, and paralegals to assist those who are representing themselves or planning to represent themselves, including incarcerated litigants, in civil lawsuits in the Southern District of New York federal court, excluding habeas cases. The clinic is not part of or run by the court.

Even if a litigant has consulted with Clinic staff, unless they retain other counsel and that counsel enters a notice of appearance, they remain unrepresented; are responsible for doing whatever is necessary in connection with the case; and must still submit all court papers to the Pro Se Intake Unit, located in Room 105 of the Daniel Patrick Moynihan Courthouse, 40 Foley Square, New York, New York, or by following the court's instructions for filing via email as a pro se litigant.

## The Clinic Can:

- Assist with amending complaints and responding to motions to dismiss;
- Represent litigants for settlement purposes and, in limited circumstances, for depositions;
- Assist with written discovery;
- Recruit pro bono counsel for depositions and trial; and
- Assist with oppositions to summary judgment.

***Clinic staff cannot assist with habeas cases or criminal matters.***

NYLAG may also be unable to assist if it determines, in its professional legal judgement, that (i) you have refused to cooperate with the Clinic's counsel or follow the Clinic's advice; (ii) any assistance would be unreasonably difficult for NYLAG to carry out; or (iii) your case is or will become frivolous, unreasonable, groundless, or without merit.

## Contacting the Clinic:

To contact the clinic and request a copy of our retainer, please call (212) 659-6190 and leave a message or write to us at the following address:

> NYLAG Legal Clinic for Pro Se Litigants
> Thurgood Marshall Federal Courthouse
> Room LL22
> 40 Foley Square
> New York, NY 10007

Please mail a signed retainer back to the clinic at the above address. Once the paperwork is received, clinic staff will contact you. It may take up to two weeks.

Disclaimer: The information contained herein is for informational purposes only and is not legal advice or a substitute for legal counsel, nor does it constitute advertising or a solicitation.



Revised 10/30/22

# NYLAG

New York   Legal Assistance Group

## LEGAL CLINIC FOR PRO SE LITIGANTS IN THE SOUTHERN DISTRICT OF NEW YORK

LIMITED SCOPE LEGAL ASSISTANCE RETAINER AGREEMENT

You retain the New York Legal Assistance Group (NYLAG) to provide you with limited scope legal assistance through its Legal Clinic for Pro Se Litigants in the Southern District of New York (Clinic) under the terms set forth below.

### I.   LIMITS OF ASSISTANCE

The Clinic agrees to provide only limited scope legal assistance in connection with your matter.

This means that:

- You remain a self-represented (pro se) litigant and are responsible for all aspects of your case. NYLAG is not your attorney of record in this matter. In the event that you are or become a party to a case in the Southern District of New York or any other forum, NYLAG will not enter an appearance or otherwise act on your behalf without expressly agreeing to do so and entering into a separate signed agreement with you. NYLAG has no obligation to enter into any such agreement.

- NYLAG has sole discretion to determine the specific type of services provided. These services may include providing advice and counsel about your case, explaining court orders and procedures, reviewing and commenting on your drafts, assisting with drafting, and discussing strategy.

- This retainer covers an initial consultation only. NYLAG can stop assisting you with this matter at any time for any reason consistent with the New York Rules of Professional Conduct.

- NYLAG has not agreed to represent or assist you on any other matter in the future.  If NYLAG does agree to any representation on another matter, then a separate signed retainer agreement will be necessary.

- You may request but are not guaranteed subsequent appointments. NYLAG will only provide assistance on subsequent appointments if it provides you with confirmation to you of such assistance, via email or otherwise, with such additional assistance governed by the terms of this agreement, including that the assistance is for that consultation only and that NYLAG has sole discretion to decide whether it will provide any additional future consultations. You are responsible for and must meet all deadlines in your case, regardless of whether you are able to have an appointment with the Clinic.

### II.   FREE ASSISTANCE, NON-ATTORNEY PROVIDERS, AND COMPETENCY

NYLAG does not charge for this assistance.  You may be assisted by law students and/or paralegals under the supervision of an attorney consistent with the Rules of Professional Responsibility.  NYLAG's assistance does not guarantee success or any particular outcome but that NYLAG will provide competent assistance.

### III. TERMINATION OF ASSISTANCE

Your participation is entirely voluntary, and you are free to stop receiving NYLAG's limited scope assistance at any time.  NYLAG may stop providing limited assistance at its sole discretion consistent with the New York Rules of Professional Conduct. If NYLAG chooses to stop providing limited assistance, it will provide notice by email, mail, or phone.

### IV. CONFIDENTIALITY

NYLAG will take all reasonable steps to maintain any information you provide as confidential.

### V.  REVIEW AND CONSENT

By signing and writing today's date below, you indicate that you: have read and understand this agreement; consent to the terms of this agreement; and understand the possible risks and benefits of proceeding with limited scope assistance.

If you have questions or concerns, please indicate on this form and someone will arrange to speak with you.


_____                    _____
Signature                                                                                         Date




**Once you have completed this form, please mail it and the completed demographic form to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**

**NYLAG**
New York Legal Assistance Group

Revised 10/30/22

**Name** _____       **Date of Birth** _____

**Facility** _____

**Identification #** _____       **Email (if available)** _____

**How did you hear about our clinic? (Circle One)**

Pro Se Intake Office                    Order/Letter from the Judge            Conference/Hearing with the Judge

Pro Se Information Package          Website                                        Friend/Family

Other _____

**Ethnicity (Circle One)**

Asian/Pacific Islander                 Hispanic                                    Caucasian

African American                       Middle Eastern                           Decline to Answer

African                                    Caribbean

Native American                        South Asian

**Education Level (Circle One)**

8th Grade or Less                      GED                                          2-4 years of College/Vocational School

Some high school                      College graduate                        Decline to Answer

High school graduate                  Graduate degree

**Gender:** _____

**SDNY Case Number:** _____

**Once you have completed this form, please mail it and the completed retainer to the New York Legal Assistance Group, Pro Se Clinic, 40 Foley Square, LL22, New York, NY 10007.**